**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

CRAIG A. THOMASIAN,
            *Claimant-Appellant,*

v.

ONE SENTINEL ARMS STRIKER-12
SHOTGUN SERIAL NO. 001725, IN
REM,
            *Defendant.*

No. 04-35360

D.C. No.
CV-03-00886-MFM

OPINION

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted July 11, 2005*
Portland, Oregon

Filed July 26, 2005

Before: Pamela Ann Rymer, A. Wallace Tashima,
Circuit Judges, and Charles R. Weiner,** Senior Judge.

Opinion by Judge Weiner

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Charles R. Weiner, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

## COUNSEL

Richard E. Gardiner, Esquire, Fairfax, Virginia, for appellant Craig Thomasian.

Karin J. Immergut, United States Attorney for the District of Oregon, Leslie J. Westphal, Assistant United States Attorney

for the District of Oregon, Portland, Oregon, for appellee United States of America.

## OPINION

WEINER, Senior District Judge:

This is a civil *in rem* forfeiture action in which the United States sought to forfeit defendant property, a Sentinel Arms Striker-12 shotgun, serial no. 001725 ("Striker-12 shotgun"), on the basis that the Striker-12 shotgun is a "destructive device" possessed in violation of the National Firearms Act ("NFA"). 26 U.S.C. §§ 5861(d), 5872. The claimant, Craig Thomasian, filed a claim of interest and then moved to dismiss the complaint for failure to state a claim, arguing that the Bureau of Alcohol, Tobacco and Firearms ("ATF") can not properly classify the Striker-12 shotgun as a "destructive device" pursuant to 26 U.S.C. § 5845(f)(2), and that Congress unconstitutionally delegated legislative authority to ATF. The district court found that the United States had properly stated a claim for forfeiture and denied Thomasian's motion to dismiss. On May 17, 2004, the district court entered a final judgment of forfeiture against defendant. Thomasian timely appealed. We find Thomasian's arguments without merit, and affirm the decision below.

### DISCUSSION

Questions of statutory interpretation are reviewed *de novo*. *United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (*en banc*). Challenges to the constitutionality of a statute are questions of law and are also reviewed *de novo*. *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 572 (2002).

[1] The National Firearms Act defines a destructive device as, "any type of weapon by whatever name known which will,

or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, *except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes*[.]" 26 U.S.C. § 5845(f)(2) (emphasis added). Thomasian argues that according to the doctrine of the last antecedent, the clause "which the Secretary finds is generally recognized as particularly suitable for sporting purposes," modifies "shotgun shell," but not "shotgun." Thus, the statute would categorically exclude all shotguns from the definition of a destructive device.

**[2]** "In determining the scope of a statute, a court must look first to the statute's language and structure. If the statute's language is unambiguous, its plain language controls except in rare and exceptional circumstances." *United States v. LeCoe*, 936 F.2d 398, 402-03 (9th Cir. 1991) (internal citations and quotations omitted). As the Federal Circuit recently noted, § 5845(f)(2) is not ambiguous and the plain language of the statute indicates that the qualifying clause modifies both "shotgun" and "shotgun shell." *Demko v. United States*, 216 F.3d 1409, 1453 (Fed. Cir. 2000). As the Federal Circuit also explained, following the last antecedent argument in this case would create an "absurd result." *Id.* At 1053. Under Thomasian's argument, "§5845(f)(2) would have the incongruous effect that no shotgun could be a 'destructive device,' but all shotgun shells (except those generally recognized as particularly suitable for sporting purposes) would be 'destructive devices.' " *Id*. This would be an absurd result indeed.

**[3]** The plain language of the statute and the legislative history make clear that the phrase "generally recognized as particularly suitable for sporting purposes," modifies "shotgun," as well as "shotgun shell." *See* H.R. Rep. No. 90-1956 (1968), reprinted in 1968 U.S.C.C.A.N. 4426, 4427. Moreover, as we have specifically recognized, the doctrine of the last antecedent "must yield to the most logical meaning of a statute that

emerges from its plain language and legislative history." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 833 (9th Cir. 1996).

**[4]** Thomasian next argues that the phrase "generally recognized as suitable for sporting purposes" contained in 26 U.S.C. § 5845(f)(2) unconstitutionally delegates legislative authority to ATF. We disagree. "So long as Congress shall lay down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform, such legislative action is not a forbidden delegation of legislative power." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). As the Federal Circuit correctly held, the sporting purpose standard meets the "intelligible principles" test. *Demko*, 216 F.3d at 1054. The Federal Circuit is not the only court to reach this conclusion. This exact standard, contained in the Gun Control Act, was held constitutional in *Gilbert Equipment Co., v. Higgins*, 709 F. Supp. 1071 (S.D. Ala. 1989), *aff'd.* 894 F.2d 412 (11th Cir. 1990). The fact that this standard is non-quantitative does not change our result, as the Supreme Court has often held that non-quantitative standards do not violate the nondelegation doctrine. *See, e.g.*, *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 104 (1946) (upholding statute giving SEC authority to modify corporate structures so that they are not "unduly or unnecessarily complicate[d]" and do not "unfairly or inequitably distribute voting power among security holders"); *see also Yakus v. United States*, 321 U.S. 414, 419-20, 423-27 (1944) (upholding statute giving agency power to set prices that "will be generally fair and equitable").

Accordingly, the decision of the district court is AFFIRMED.